**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VICTOR RODRIGUEZ AVALOS,

Petitioner,

v. Case No. 1:26-cv-03654 KWR-GBW

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR, *Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a non-citizen who is detained by ICE. Although he received a bond hearing, bond was denied. He asserts that his detention violates substantive due process because he is not a flight risk or danger to the community, and his detention will become prolonged as he will appeal any removal order. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Mexico and is currently detained by ICE at the Torrance County Detention Facility. Petitioner asserts that he has lived in the United States for thirty years. Petitioner was arrested by local law enforcement for a DUI near Bernalillo, New Mexico. He was

encountered by ICE while he was detained at the Sandoval County Detention Facility. He asserts he was placed in ICE custody on or about August 23, 2026.

Petitioner asserts that at one point he was a DACA recipient. He asserts he has two children who are citizens of the United States. Respondents assert that Petitioner's DACA status expired in 2020. Doc. 7 at 2. Petitioner does not dispute this fact in his Reply or assert that he has DACA status at this time. He does not allege that he has a pending DACA application or request for extension.

On September 17, 2026, Petitioner was provided a bond hearing. The immigration judge denied bond. The immigration judge found that he was a flight risk and danger to the community due to his speculative form of relief, previous charges for burglary of an automobile and battery on a household member, a failure to appear, and the pending DUI. However, Petitioner notes that he has not been convicted of a crime. Petitioner asserts he is neither a flight risk nor danger to the community.

On October 13, 2026, an immigration judge ordered Petitioner removed to Mexico. Petitioner appealed the removal order, and his appeal remains pending.

Petitioner appears to assert that his detention violates substantive due process because he is neither a flight risk nor danger, and therefore there is no reason to detain him. He also asserts that his detention is likely to be prolonged because he will appeal any removal order.

Petitioner filed a proposed reply (Doc. 8). The Court has fully considered his proposed reply in ruling on his Petition.

## DISCUSSION

### I. <u>Petitioner's challenge to the immigration judge's bond decision fails.</u>

Petitioner asserts that he is not a flight risk or danger to the community. To the extent he challenges the immigration judge's bond decision, that challenge fails.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is both a flight risk and danger. Petitioner appears to challenge that decision, asserting that the immigration judge abused his discretion because Petitioner is not a flight risk or danger. But he fails to identify any defect in his

hearing or the decision. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner does not allege that there was a due process violation or constitutional violation at his bond hearing or in his bond decision. He simply asserts that he is not a flight risk or danger. Petitioner has failed to establish a constitutional violation at the bond hearing or in the bond decision.

## II. **Petitioner has failed to establish a substantive due process violation.**

Petitioner appears to assert a substantive due process violation. He appears to assert there is no reason to detain him because he is not a flight risk or danger, and therefore detention does not bear a reasonable relation to the purpose for which he is committed. He also asserts that he will appeal any removal order, and therefore he is not removable. But he does not demonstrate in his Petition that he is not removable.

Petitioner, although a noncitizen, has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has

imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (examining pretrial detention). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) a legitimate nonpunitive governmental purpose may not be rationally assigned to the restriction or the restriction is excessive in relation to that purpose. *Id.* at 747; *see also Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1442 (5th Cir.) (applying rationality test to immigration detention), *amended,* 997 F.2d 1122 (5th Cir. 1993); *see also Kingsley v. Hendrickson,* 576 U.S. 389, 398, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015) (as to due process excessive force claim, "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

Notably, Petitioner does not argue or explain why he is entitled to heightened scrutiny as opposed to rational-basis review.[1] *See, e.g., Gonzalez Aguilar v. McAleenan*, No. 19-CV-0412 WJ/SMV, 2019 WL 5864821, at *10 (D.N.M. Nov. 8, 2019) (explaining that petitioner failed to argue or explain why heightened basis scrutiny applied), *report and recommendation adopted sub nom. Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202 (D.N.M. 2020). He has therefore failed to

[1] The Due Process Clause of the Fifth Amendment "provides heightened protection against government interference with certain fundamental rights and liberty interests. When a fundamental right is at stake, the Government can act only by narrowly tailored means that serve a compelling state interest." *Dep't of State v. Munoz*, 602 U.S. 899, 909–10 (2024) (internal citation and quotation marks omitted). In deciding whether heightened scrutiny applies, the Court first considers "a careful description of the asserted fundamental liberty interest." *Id.* Next, "the Due Process Clause specially protects only those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." *Id.* Here, Petitioner does not argue that (1) the government is interfering with a fundamental right or (2) that his fundamental right is deeply rooted in the Nation's history and tradition.

carry his burden on this point. In the alternative, the Court need not decide this issue. Whether rational basis review or heightened scrutiny applies, his substantive due process claim fails.[2]

"[S]ince *Mathews,* this Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). Detention pending removal proceedings "is a constitutionally permissible part of the process." *Demore*, 538 U.S. at 531. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore,* 538 U.S. at 528 (considering mandatory detention under §1226(c)). By its nature, detention under § 1226 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Due process requires that the duration of detention bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690 (cleaned up)(citation and quotation marks omitted).

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a

---

[2] Although the Tenth Circuit applied a heightened scrutiny in *Hoang,* that decision was vacated. *See Hoang v. Comfort*, 282 F.3d 1247, 1257 (10th Cir. 2002) ("However, even if a restriction was not meant to be punishment and a non-punitive purpose may be rationally assigned to it, the restriction may still constitute punishment if it imposes conditions so excessive in relation to the assigned purpose as to be considered punitive rather than regulatory."), *cert. granted, judgment vacated sub nom. Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003).

published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a final removal order with a petition for review pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004).

Here, Petitioner appears to assert that his detention does not bear a reasonable relation to the purposes of civil immigration detention and therefore violates substantive due process. As explained above, an individual who poses a flight risk or danger to the community may be detained under § 1226(a) pending a decision on their removal, if they receive a bond hearing.

Petitioner asserts that he is not a flight risk or danger to the community, and he also asserts that he will challenge any removal order to the BIA on appeal or on a petition for review. As explained above, Petitioner is detained pending a decision on his removal. A removal order was issued, and he appealed the removal order. Petitioner received a bond hearing under § 1226(a) in September 2026, at which an immigration judge found he was both a flight risk and danger. Petitioner summarily asserts he was not a flight risk or danger, but did not demonstrate that his bond hearing was so error ridden as to violate his constitutional rights. To the extent Petitioner asserts that his removal is prolonged, the Court disagrees at this time. He was detained on or about August 23, 2026. He has been detained for approximately three months and he has not been detained for a prolonged period of time. And he does not demonstrate that his removal proceedings will not be adjudicated or processed. He suggests that he cannot be removed because he will appeal his removal order, but he does not demonstrate that he is not removable.

Therefore, Petitioner's detention is not punitive, a non-punitive purpose may be rationally assigned to it, and his detention is not yet excessive in relation to its purpose. Based on the arguments and record before the Court, the Court finds that Petitioner has not demonstrated a substantive due process violation.[3]

**III. <u>Petitioner is not subject to indefinite detention in violation of *Zadvydas*</u>.**

To the extent Petitioner asserts that his detention violates *Zadvydas,* that claim fails as well. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

[3] In the alternative, assuming heightened scrutiny applies and the Court must address heightened scrutiny without briefing, the Government has a compelling interest in ensuring attendance by removable noncitizens in removal proceedings. And here, the restriction is narrowly tailored as Petitioner received a bond hearing at which an immigration judge concluded that he was a flight risk and danger. Petitioner was ordered removed. While the removal order was appealed, it suggests he may be removable.

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Moreover, the Supreme Court has also rejected the application of *Zadvydas* to detention under §§ 1225 and 1226, reasoning that detention thereunder has a definite time limit – the entry of a final order of removal. *Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining that *Zadvydas* does not apply to detention under § 1226(c)); *Jennings v. Rodriguez*, 583 U.S. 281, 300–01 (2018) (explaining that *Zadvydas* does not apply to detention under § 1225, in part because such detention is for a definite period of time – until a final order of removal is issued). Petitioner has not demonstrated that his detention is indefinite or that his appeal of his removal order will not be processed.

**IV. Petitioner's conditional request for leave to amend in his Reply is denied.**

Petitioner makes a bare conditional request for leave to amend in his Reply. He requests that if the Court finds a deficiency in his Petition, he should be granted leave to amend. But he does not provide the proposed amended petition, and does not explain what he desires to put in his amended petition.

Generally, a party must file a motion for leave to amend a complaint, and a district court need not offer leave to amend *sua sponte*. Local rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party

fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

The Tenth Circuit has also held that it is not arbitrary or capricious for a district court to deny leave to amend where a motion for leave to amend was not filed. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon."). Here, Petitioner makes a bare conditional request for leave to amend, but does not describe the proposed amendment or provide a proposed amended petition. Therefore, his request is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE